**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 24-420** |
| **TANYA WHYTE-FRANCIS** | : | |

# GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Terri A. Marinari, Assistant United States Attorney for the District, hereby submits its sentencing memorandum in the above-captioned case.

## I. PROCEDURAL BACKGROUND

On November 29, 2024, Tanya Francis-Whyte was charged by information with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371, and one count of bribery, in violation of 18 U.S.C. § 201(b)(2). On December 11, 2024, she waived indictment and pled guilty to Counts One and Two of the information. The Court has scheduled his sentencing for September 24, 2026.

## II. SUMMARY OF THE CRIMINAL CONDUCT

The bribery charges arose from an investigation by the U.S. Postal Inspection Service Office of Inspector General, along with Homeland Security Investigations and the Pennsylvania Attorney General' Office, into the activities of Tanya Whyte-Francis, a U.S. Postal carrier at the Levitown Post Office. The investigation revealed that there were an unusually high number of suspicious Priority Mail parcels that originated from northern California and were destined for Whyte-Francis' postal routes. Surveillance of Whyte-Francis

showed that she did not deliver the parcels to the listed addresses but instead hand-delivered them to coconspirator DeWhite Dawkins or Person A, acting at Dawkins' behest. From at least early 2019 until June 2020, she delivered fifteen parcels containing marijuana in exchange for $400 per parcel.

## III. SENTENCING GUIDELINE CALCULATIONS

Based on the facts the government could prove beyond a reasonable doubt, the government entered into a guilty plea agreement with Whyte-Francis. This agreement included stipulations applicable to her offenses as follows: The applicable base offense level is 14, pursuant to Section 2C1.1(a)(1). PSR ¶ 30. This is increased by two levels pursuant to Section 2C1.1(b)(1) because Whyte-Francis accepted two or more bribes while committing these offenses. PSR ¶ 31. The offense level is further increased by 12 levels based on the value of the benefit received, pursuant to Sections 2B1.1(b)(1)(G) and 2C1.1(b)(2). PSR ¶ 32. The offense level is decreased by 2 levels because Whyte-Francis meets the requirement of Section 4C1.1(a). PSR ¶ 37. The offense level is decreased by 3 levels because she has accepted responsibility, pursuant to Sections 3E1.1(a) and (b). PSR ¶¶ 38-39. With a total offense level of 23, the resulting guideline range is 46-57 months' imprisonment. PSR ¶¶ 40, 85.

## IV. SENTENCING ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniformpunishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history

and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**(1) The nature and circumstances of the offense**

Postal employees are considered "public officials" and owe a duty to the public to be honest and ensure U.S. mail is delivered to the proper recipient of the mail. Here, Whyte-Francis was willing to deliver Priority Mail parcels containing marijuana to a coconspirator/drug dealer in exchange for bribes. Her acceptance of bribes for breaching this trust compounds the problem the U.S. Postal Service faces in trying to maintain the integrity of the service.

Our society abhors corruption because it undermines our system of government, a system that belongs to the people. Whyte-Francis' willingness to sell her position and misuse the U.S. postal system contributes to the perception that the mail system is inhabited by corrupt actors. Dishonest postal employees clearly undermine the public's trust in the U.S. postal system.

**(2) The history and characteristics of the defendant**

The presentence report indicates that Whyte-Francis was employed by the U.S. Postal Service from 2014 to 2021. The government is not aware of prior instances of misconduct. She remains employed and appears to have strong family ties.

**(3) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

This is a serious offense because it involves a violation of public duty and misuse of the U.S. postal system. Whyte-Francis' breach of her duty assisted a drug dealer in distributing marijuana. Corruption exists in part because people like Whyte-Francis are willing to take bribes. Her conduct deserves a sanction that conveys to other postal employees and the public the seriousness of the offense. A sentence that reflects the gravity of the offense is warranted.

**(4) The need to afford adequate deterrence to criminal conduct**

Since Whyte-Francis has retired from the Postal Service, there is minimal need for specific deterrence in this case. General deference remains an important factor. Corruption of postal and other government employees occurs too frequently and is often not detected. Consequently, it is essential that federal employees like Whyte-Francis who are caught committing such crimes receive adequate punishment to deter other employees who might be tempted as she was.

**(5) The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Whyte-Francis does not appear to require any educational or vocational training.

## V. SUPERVISED RELEASE

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

## VI. CONCLUSION

The government's recommendation is contained in the Sealed Supplement to the Government's Sentencing Memorandum.

Respectfully submitted,

DAVID METCALF
United States Attorney

*<u>/s/ Terri A. Marinari</u>*
TERRI A. MARINARI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the government's sentencing memorandum has been served by me, this date, by email on

Louis T. Savino, Esquire.
LouisTSavino@yahoo.com

*/s/ Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

Date: September 18, 2026